### VIRGINIA C. MORRIS v. Z. L. MORRIS.

A petition by a wife for a divorce *a vinculo matrimonii*, charging the defendant with adultery, and with separating from her, but which does not allege that after such separation, he continued to live in, or committed adultery, is fatally defective, and will not entitle the petitioner to a decree of divorce from the bonds of matrimony.

And as there was no prayer in the plaintiff's petition for a divorce *a mensa et thoro*, for that reason, if for none other, a decree for separation from bed and board cannot be allowed, and the petition will be dismissed.

(*Hansley* v. *Hansley*, 10 Ired, 506, cited and approved.)

CIVIL ACTION for *Divorce*, tried before SCHENCK, J., at August Term, 1875, of MECKLENBURG Superior Court.

The complaint substantially alleged:

That the plaintiff and defendant were residents of Mecklenburg County.

That they were legally married and lived together as man and wife until the 27th of July, 1873, when the plaintiff quit the bed and board of the defendant.

That at that time, the plaintiff discovered that the defendant had committed adultery with one Josephine Hunter, and that adulterous intercourse had taken place between said parties, for some years.

That in the absence of the plaintiff, the defendant had taken said Josephine to his home, and there had adulterous intercourse with her. That he had at other places habitually committed adultery with said Josephine.

That at different times the defendant had inflicted personal violence upon the plaintiff.

That the plaintiff has resided in this State three years prior to the commencement of this action.

The complaint prayed for a decree of divorce *a vinculo matrimonii*.

In response to the issues the jury found:

1. There was a marriage solemnized between the plaintiff and the defendant.

2. The petitioner has resided in the State of North Carolina three years next proceeding the exhibition of her petition.

3. The defendant has been guilty of adultery with one Josephine Hunter.

4. The facts set forth in the complaint as ground for divorce have been known to the plaintiff six months prior to the filing of her complaint.

Upon the hearing his Honor held that upon the facts found the plaintiff was not entitled to a divorce *a vinculo matrimonii* for the reason that no separation and subsequent adultery was proved against the defendant. There being no prayer for a divorce *a mensa et thoro,* the Court rendered judgment against the plaintiff for costs. From this judgment the plaintiff appealed.

*Wilson & Son,* for the appellant.
*Vance & Burwell,* contra.

BYNUM, J. "Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony, on application of the party injured, made as by law provided, in the following cases : 1. If either party shall separate from the other and live in adultery. 2. If the wife commits adultery. 3. If either party at the time of the marriage was and still is naturally impotent." Bat. Rev., chap. 37, sec. 4.

The application here is for divorce from the bonds of matrimony. A separation is charged, but there is no allegation that the husband after separating from the wife *lived in adultery,* nor was any issue submitted to and found by the jury to that effect. By the plain words of the statute, therefore, the petitioner is not entitled to a decree of divorce *a vinculo matrimonii* in this action. There is no prayer for

a divorce *a mensa et thoro,* and for that reason, if for no other, a decree for separation from bed and board cannot be allowed. *Hansley* v. *Hansley,* 10 Ired., 506. As from the facts stated in the complaint, it is more than probable that the defendant has lived in adultery since the separation, and that it could have been established had the proper allegation been made in the complaint, the action will be dismissed without prejudice.

There is no error.

PER CURIAM.                                Judgment affirmed.